# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LOUISE RIZZO-LORTZ,**

    **Plaintiff,**

    v.

**Civil Action 2:20-cv-3437**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Chelsey M. Vascura**

**ERIE INSURANCE GROUP**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Louise Rizzo-Lortz, an Ohio resident proceeding without the assistance of counsel, has submitted requests to file a civil action *in forma pauperis*. (ECF Nos. 1 and 5.) The Court **GRANTS** Plaintiff's requests to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

## I.

According to her Complaint, in March 2012, Plaintiff suffered personal injury and property damage arising from an automobile collision involving an uninsured/underinsured driver. Plaintiff alleges that prior to the collision, she had contracted with Defendant, Erie Insurance Group, for uninsured/underinsured motorist coverage. In March 2015, Plaintiff brought a claim in the Franklin County Court of Common Pleas against Defendant seeking to recover damages arising from the March 2012 collision.[1] (*See* Mar. 5, 2015 Compl., *Rizzo-Lortz v. Erie Ins. Grp.*, Case No. 15CV1962, Franklin County Court of Common Pleas). The Franklin County Court of Common Pleas dismissed this action *with prejudice* for lack of prosecution on August 2, 2017, and on May 30, 2019, the Ohio Court of Appeals for the Tenth District affirmed the judgment of the state trial court. *Rizzo-Lortz v. Erie Ins. Grp*, No. 17AP-623, 2019 WL 2323798 (Ohio 10th Dis. Ct. App. May 30, 2019). Plaintiff did not appeal the state appellate court's decision.

On August 31, 2018, Plaintiff again sued Defendant in the Franklin County Court of Common Pleas, seeking as she did in the prior state-court action to recover damages caused by the March 2012 collision. (*See* Aug. 31, 2018 Compl., *Rizzo-Lortz v. Erie Ins. Grp.*, Case No. 18CV7431, Franklin County Court of Common Pleas). In that action, Plaintiff advanced several state-law claims against Defendant, including claims for breach of contract, bad faith, and unfair trade practices. On March 21, 2019, the Franklin County Court of Common Pleas dismissed this later-filed action *with prejudice* for lack of prosecution, and Plaintiff did not appeal this dismissal.

---

[1] The Court takes judicial notice of the state-court pleadings in accordance with Federal Rule of Civil Procedure 201. *See* Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

2

Plaintiff filed the instant action against Defendant on July 8, 2020, seeking as she did in the state-court actions to recover damages caused by the March 2012 collision. Plaintiff similarly asserts several state-law claims against Defendant, including claims for breach of contract, bad faith, and unfair trade practices. Significantly, the Complaint Plaintiff filed in this action appears to be identical to the August 31, 2018 Complaint she filed in the Franklin County Court of Common Pleas.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should

4

not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

The doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's claims in this action. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, the requisite four elements are present. The state-court's dismissals of Plaintiff's prior complaints with prejudice for lack of prosecution operate as an adjudication on the merits for *res judicata* purposes. *See, e.g., Costello v. United States*, 365 U.S. 265, 286 (1961) ("[T]he dismissals enumerated in Rule 41(b) which operate as adjudications on the merits . . . primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action."); *Butler v. Dep't of Justice*, 492 F.3d 440, 443 n.6 (D.C. Cir. 2007) (noting that although a dismissal for failure to prosecute under Rule 41(b) "is not, in fact, a

decision on the merits" of a claim, it "functions as such for the purposes of claim preclusion"). In addition, this action involves the same parties or their privies as the prior action, and Plaintiff's allegations were or could have been raised in the prior action—indeed, as noted above, the Complaint in this action appears to be identical to Plaintiff's August 31, 2018 state-court complaint.  Finally, this action and the state-court actions arise from the same core of operative facts.  For these reasons, the undersigned concludes that the doctrine of *res judicata* operates to bar the claims Plaintiff asserts in this action.

It is therefore **RECOMMENDED** that this action be **DISMISSED** pursuant to § 1915(e).

### IV.

In summary, The Court **GRANTS** Plaintiff's requests to proceed *in forma pauperis*. (ECF Nos. 1 and 5.)  In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE