**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LOUISE RIZZO-LORTZ,** : | |
| : | Case No. 2:20-cv-3437 |
| **Plaintiff,** : | |
| : | **Chief Judge Algenon L. Marbley** |
| v. : | **Magistrate Judge Chelsey M. Vascura** |
| : | |
| **ERIE INSURANCE GROUP,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

The matter before the Court is the Magistrate Judge's August 3, 2020 **Report and Recommendation** (ECF No. 7), which recommended that Plaintiff's Complaint be dismissed under the doctrine of *res judicata* or claim preclusion. Plaintiff filed an Objection pursuant to Fed.R.Civ.P. 72(b) to this Report and Recommendation (ECF No. 8). For the reasons detailed below, Plaintiff's Objection is hereby **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's **Report and Recommendation,** based on a de novo review of the analysis therein, and **DISMISSES** Plaintiff's case.

**I.    BACKGROUND**

In 2012, Plaintiff Louise Rizzo-Lortz, an insured customer with Erie Insurance Group ("Erie"), was involved in an automobile accident with an uninsured/underinsured driver. (ECF No. 6 at 4). Plaintiff alleges that on March 14, 2012, she completely stopped at a red light while driving on High Street in Franklin County, Ohio. (*Id.* at 7). While stopped, Ms. Rizzo-Lortz claims that a black Pathfinder negligently collided with the rear of her vehicle. (*Id.*). Plaintiff alleges that she sustained "serious and permanent bodily injuries" involving her upper and lower back, lungs, and

1

spine. (*Id*. at 7–8). The injuries severely limited Plaintiff's ability to perform everyday tasks such as moving in and out of her vehicle, sleeping and working. (*Id*.). Plaintiff sought extensive medical care for her injuries, including various tests and procedures such as x-rays, MRIs, and epidural injections. (*Id.* at 8–9). Following the accident, Plaintiff alleges that Erie breached its contractual duties by failing to adequately compensate her for her medical costs under the insurance contract. (*Id*. at 4, 9–10).

In March 2015, Plaintiff brought an action against Erie for damages in the Franklin County Court of Common Pleas. (ECF No. 7 at 2). The claim was dismissed with prejudice for lack of prosecution and the Ohio Court of Appeals for the Tenth District affirmed the dismissal. (*Id.*). On August 31, 2018, Plaintiff filed another claim against Erie in the same court. (*Id.*). The court again dismissed the action with prejudice in March 2019 for lack of prosecution and Ms. Rizzo-Lortz did not pursue an appeal. (*Id.*). On July 8, 2020, Plaintiff filed the instant action against Erie, seeking to recover damages from the March 2012 collision, as she had attempted to do in the previous state court actions. (*Id.* at 3). The Magistrate Judge noted that the Complaint filed in this action appears to be "identical" to her August 2018 Complaint in the Franklin County Court of Common Pleas. (*Id.*).

On July 7, 2020, Magistrate Judge Vascura issued a Report and Recommendation recommending that this Court dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) because it was barred by the doctrine of *res judicata*. (*Id.* at 5–6). Plaintiff objected to the Report and Recommendation on the grounds that her case should not be barred by *res judicata* because her failure to prosecute in the previous suit resulted from a lack of notice. (ECF No. 8 at 3). She primarily uses her objection to revive her underlying claims. (*Id.*).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b)(3), an objection to a magistrate judge's report and recommendation is reviewed de novo by the district judge. Upon this review, the district judge determines whether to "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." *Id*. When a pleader fails to raise specific issues, the court will consider this a general objection to the magistrate judge's report and will not recognize it. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). Objections that quote language from the report and highlight issues with specificity surpass this 'general' threshold. *Id.* at 994. However, *pro se* litigants will be held to a lower standard that permits their pleadings to be "liberally construed." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Under 28 U.S.C § 1915(e)(2)(B)(ii), this Court will dismiss any action that it determines "fails to state a claim on which relief may be granted." To prevent such dismissal, a plaintiff must satisfy pleading requirements in accordance with Federal Rule of Civil Procedure 8(a). To state a claim upon which relief can be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)(3). Bare assertions of legal conclusions will not suffice under this standard; however, a detailed account of the facts is not required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Under *Twombly*, Rule 8(a)(2) is satisfied when the pleadings provide enough to demonstrate entitlement to relief. *Id*. at 557. Even when a pleader asserts detailed facts in the complaint, a plausible inference of entitlement to relief alone is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). Rather, it must include "a plausible claim for relief." *Id*. at 679.

### III.    ANALYSIS

The doctrine of *res judicata* consists of two components—claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine operates to prevent "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)). A claim or issue will be precluded when the following factors are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Rawe v. Liberty Mut. Fire Ins.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

Plaintiff's primary objection is regarding the first element of claim preclusion. Ms. Rizzo-Lortz contends that, because the Franklin County Court of Common Pleas allegedly failed to provide notice of the intended dismissal to her, the dismissals do not constitute a final decision on the merits for purposes of *res judicata*. (ECF No. 8 at 1–2). Rather, Ms. Rizzo-Lortz advances that her objection should be sustained because the prior judgments in the Franklin County Court of Common Pleas and the Ohio Court of Appeals for the Tenth District were not final because there was no proper notice. (ECF No. 8 at 2–3). Plaintiff fails to specify how notice was improper and does not offer any evidence to substantiate this claim. Furthermore, Plaintiff has already unsuccessfully raised these arguments regarding notice in a motion for relief from judgment with the Franklin County Court of Common Pleas. *See* Pl.'s Mot. For Relief from Judgment, *Rizzo-Lortz*

*v. Erie Ins. Grp.* (Franklin Cnty. Ct. C.P., May 2, 2019) (No. 18CV7431).[1] The court denied her motion for relief from the judgment. *See* Entry Denying Pl.'s Mot. for Relief from Judgment, *Rizzo-Lortz v. Erie Ins. Grp.* (Franklin Cnty. Ct. C.P., May 2, 2019) (No. 18CV7431). This Court thus finds no merit in Plaintiff's objection that her alleged failure to receive notice undermines the validity of the dismissals for a lack of prosecution. The Franklin County Court of Common Pleas has dismissed with prejudice two prior actions related to this accident by Ms. Rizzo-Lortz, both for a failure to prosecute. (ECF No. 7 at 2). A state court dismissal with prejudice "operates as a final adjudication on the merits and has a *res judicata* effect." *Pedreira v. Sunrise Child.'s Servs., Inc.*, 802 F.3d 865, 870 (6th Cir. 2015) (quoting *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001)); *see also Costello v. United States*, 365 U.S. 265, 286 (1961) Therefore, the first element of claim preclusion has been met.

Plaintiff does not dispute that the remaining three elements of claim preclusion have been met, and this Court finds that they have each been satisfied. This is a subsequent action between the same parties, with each remaining in the same posture. As noted by the Magistrate Judge, Plaintiff's allegations were or should have been raised in the prior action: the Complaint filed in federal court appears identical to Plaintiff's August 31, 2018 complaint filed in the Franklin County Court of Common Pleas. (ECF No. 7 at 6). Even if Plaintiff believes that a new claim or previously unlitigated issues are being advanced, this conclusion would be incorrect. Each of the following issues presented in the instant action have already been asserted by Plaintiff in a prior complaint: breach of the duty of good faith and fair dealing, breach of contract, negligence, fraud and misrepresentation, and unfair trade practices (ECF Nos. 6, 7). As such, the core operative facts and

---

[1] A court may take judicial notice of the state-court pleadings in accordance with Federal Rule of Civil Procedure 201. See Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

claims are the same between the previous state court action and the action before this Court. All four elements of claim preclusion have been met in this instance and, accordingly, Plaintiff is unable to state a claim upon which relief can be granted under 28 U.S.C § 1915(e)(2)(B)(ii) because it is barred by the doctrine of *res judicata*.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's claims are hereby **DISMISSED**.

**IT IS SO ORDERED.**

 /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 30, 2020**